(25 Misc. Rep. 398.)

HARDING v. JENKINS et al.

(City Court of New York, General Term. December 7, 1898.)

1. PRINCIPAL AND AGENT—NEGOTIABLE PAPER—ACCEPTANCE OF DISCHARGE.
    A dealer indorsed a note given by his debtors to his own creditors, and, when it was renewed, he indorsed the new note on surrender of the old one. The debtors executed a trust deed to secure the factor and certain other creditors, and the indebtedness was to some extent reduced. The debtors, by agreement, then conveyed to the dealer and others a leasehold in satisfaction of all indebtedness; but because the arrears of ground rent exceeded the value of the leasehold, contrary to the debtors' representation, the dealer abandoned it, and the debtors took it back. The note remained in the hands of indorsees. *Held*, that the dealer, in accepting the conveyance in discharge of the debt, was not the agent of his own creditors to bind them by a discharge of said notes.

2. BILLS AND NOTES—INDORSERS—PRESUMPTION OF BONA FIDES.
    The production of negotiable paper sued on by an indorsee makes a prima facie case.

Appeal from special term.

Action by Edward Harding against Thomas J. Jenkins and another. A judgment for plaintiff was entered on a verdict directed by the court, and defendants appeal. Affirmed.

Argued before McCARTHY, SCHUCHMAN, and OLCOTT, JJ.

N. Thompson, for appellants.
R. Foster, for respondent.

SCHUCHMAN, J.    The action is brought on a note of $807.50, made by defendants, in their firm name of T. J. Jenkins & Bros., to the order of William Kerby, dated March 1, 1897, and payable three months after date. Kerby indorsed the note over to Isaac L. Sheppard & Co., who indorsed the same over to plaintiff. The defense admits the note, but avers that a trust mortgage covering real and leasehold property was made by the defendants on June 1, 1894, to their creditors, whose names and the amounts of their

claims were specifically set forth in the mortgage, and among the creditors was William Kerby, the payee of said note, who had a claim of about $3,319 against the defendants for stoves and ranges sold and delivered by him to them; that said trust mortgage was satisfied and discharged, pursuant to an agreement between the creditors represented in the trust and the makers of the mortgage, the defendants herein, whereby certain parcels of land covered by the trust mortgage were allowed and conveyed to the different creditors, in full satisfaction and discharge of their claims and demands. It further avers that Kerby at all times was and acted as the agent of Sheppard & Co.

The evidence adduced establishes the following uncontradicted facts: The said note was given by defendants to Kerby in payment of ranges sold to him by them. Kerby indorsed and delivered the same within a few days after its date to the firm of Isaac L. Sheppard & Co., of Philadelphia, for value, to wit, credit received on his merchandise account due to said firm for stoves purchased, and that, after the note had become due, said firm indorsed and delivered to plaintiff. Prior to 1894, Kerby had in the neighborhood of $3,000 worth of notes of the defendants, which were given for a good, full, and valuable consideration, viz. stoves and ranges sold and delivered, which notes were renewed from time to time, and the note in suit was a renewal of other notes, which defendants had given prior to 1894. Kerby indorsed and delivered the original notes given prior to 1894 to the said firm of Sheppard & Co., in payment of an indebtedness of his to said firm for stoves, etc.; and all renewals of said notes, including the note in suit, were indorsed and delivered over by Kerby to Sheppard & Co., upon surrender of a previous note. On June 1, 1894, the defendants conveyed some real and leasehold property to a trustee for the benefit of creditors specifically named, to secure payment of specific debts therein specified, including $3,319, for William Kerby. From time to time thereafter, portions of the claim covered by this so-called trust mortgage were paid by dividends declared by the trustee, and the amount thereof was credited on the notes, and the renewal notes were given for the unpaid balances. Finally, an understanding was had between the defendants, the makers of said trust mortgage, and the creditors interested in said trust, whereby certain parcels of land covered by the trust mortgage were allowed to the different creditors in full satisfaction and discharge of their claims. Accordingly, the three creditors,—Kerby, the payee of the note in suit, one Sadlier, and one Lindsay,—on April 22, 1897, accepted jointly a conveyance of the leasehold property, corner Tenth street and Second avenue, in payment of the indebtedness of the defendants to them. Before this conveyance was taken, the defendants informed the creditors that all charges upon the property had been paid up to the time of the transfer; that, after it was taken, they found out that this statement was untrue, and that the arrears for ground rent and taxes amounted to more than the value of the leasehold, whereupon they abandoned it, and the defendants took it back. Defendants alleged and attempted to maintain that Kerby

was the agent of Sheppard & Co., and that, consequently, the acceptance by him of the transfer of the leasehold property in payment of the indebtedness to him individually was equivalent to a release by Sheppard & Co. of the indebtedness of the defendants to them. But there is a total absence of proof of such an agency. Moreover, the proofs indisputably show that Kerby was an independent factor, a principal in all his dealings with Sheppard & Co., in the purchases of stoves and ranges, on one side, and with the defendants in the sales of the same articles, on the other side. Thus, it appears that the note in suit was given to Kerby for a full, good, and valuable consideration by him, transferred to Sheppard & Co. for value, and by them indorsed and delivered over to plaintiff, who had it in his possession, and produced it, and offered it in evidence on the new trial. This gives plaintiff title to the note, and lawful right to maintain this action. 1 Daniel, Neg. Inst. (4th Ed.) § 812; 2 Daniel, Neg. Inst. (4th Ed.) § 1227.

The mere possession of a negotiable instrument, produced in evidence by the indorsee, or bv the assignee where no indorsement is necessary, imports prima facie that he acquired it bona fide for full value, in the course of business, before maturity, and without notice of any circumstance impeaching its validity, and that he is the owner thereof, entitled to recover the full amount against all prior parties. In other words, the production of the instrument and proof that it is genuine (where, indeed, such proof is necessary) prima facie establishes his case; and he may there rest it. "The party making payment should insist on the presentment of the paper by the party demanding payment, in order to make sure that it is at the time in his possession, and not outstanding in another." Kerby was liable, on said note, and on the series of notes to Sheppard & Co. and the plaintiff herein, as prior indorser; and whatever security he took or accepted for his protection as first indorser does not affect the subsequent indorsers. The subsequent indorsers, Sheppard & Co., were not parties to the said trust mortgage, and were not mentioned as creditors therein, although the defendants knew that they held and owned the notes. They did not take or accept any conveyance of any property covered by the said trust mortgage in payment or satisfaction of their claims under the notes, and were not parties to any understanding or agreement or compromise with defendants in relation to their claims under the note in question. They never executed any paper, nor delivered up the note in suit. Sheppard & Co. held and owned the original notes prior to 1894, free of any defense in law or equity, while subsequently the said trust mortgage was given (on June 1, 1894), and also the conveyance of the leasehold at corner Tenth street and Second avenue (on April 22, 1897). The note in suit was dated March 1, 1897, and indorsed over by Kerby to Sheppard & Co. within a few days thereafter.

From the above, we conclude that the direction of a verdict in favor of plaintiff was right, and that the request of defendants to go to the jury "on the question of bona fides of Sheppard & Co. and the plaintiff herein, and also as to the credibility of the witness Shep-

pard, who was an interested party, who has testified to the giving of these notes for a valuable consideration," was properly denied.

Judgment affirmed, with costs. All concur.